UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN M. SHERER,

    Plaintiff,

v.

THE BANK OF NEW YORK MELLON, *as Trustee, on behalf of the holders of the Alternative Loan Trust 2007-5CB, Mortgage Pass-Through Certificates, Series 2007-5CB formerly known as The Bank of New York*,

    Defendant.

Case No. 14-cv-12641

Honorable Patrick J. Duggan

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Jonathan M. Sherer instituted this action against Defendant The Bank of New York Mellon, as trustee, on behalf of the holders of the Alternative Loan Trust 2007-5CB, Mortgage Pass-Through Certificates, Series 2007-5CB, in state court seeking to convert a foreclosure-by-advertisement into a judicial foreclosure due to Defendant's purported violation of Michigan's loan modification statutes. Defendant removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, 1446, and subsequently filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff declined to file a response to Defendant's motion and the time to

do so has since expired. Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated herein, the Court will grant Defendant's motion in all respects other than Defendant's request for costs and fees, and will further dismiss this action with prejudice.

## I. BACKGROUND

### A. Factual Background

On January 24, 2007, Plaintiff accepted a $360,000 loan from non-party Bergin Financial, Inc., and, in exchange, executed a promissory note secured by a mortgage on real property commonly known as 2324 Buckingham Avenue, Birmingham, Michigan 48009 (the "Property"). (Compl. ¶ 4; *see also* Mortgage, Def.'s Mot. Ex. A.[1]) The mortgage was recorded by the Oakland County Register of Deeds on February 1, 2007 in Liber 38714, Page 171. The Mortgage, executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), "solely as a nominee for Lender and Lender's successors and assigns[,]" designates MERS as

---

[1] In addition to evaluating the sufficiency of the factual allegations within the four corners of a complaint, courts may consider any exhibits attached to the complaint, matters of public record, and exhibits attached to a defendant's Rule 12(b)(6) or Rule 12(c) motion, provided that the latter are referred to in the complaint and are central to the claims therein. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

"the mortgagee under this Security Instrument." (Mortgage, Def.'s Ex. A.) On June 26, 2012, MERS assigned the mortgage to Defendant. (Compl. ¶ 4; *see also* Assignment, Def.'s Mot Ex. B.) This assignment was recorded on July 7, 2012 in Liber 44369, Page 143. (Assignment, Def.'s Mot. Ex. B.)

Sometime just prior to the aforementioned assignment, specifically "in or about spring [of] 2012[,]" Plaintiff "fell behind" on his mortgage payments "due to [] financial hardship[.]" (Compl. ¶ 5.) At that time, Plaintiff "requested a loan modification[.]"[2] (*Id.*) Plaintiff "continued to request assistance . . . , but was never given a straight answer." (*Id.* ¶ 6.) In "September/October 2013[,]" Defendant instituted foreclosure-by-advertisement proceedings pursuant to Michigan's statutory scheme.[3] (*Id.* ¶ 7.)

"Plaintiff received notice from Defendant's agent . . . advising him of his right to request a meeting for the purpose of obtaining a mortgage modification." (*Id.* ¶ 8.) Plaintiff requested a meeting within the relevant time period and

---

[2] The Complaint alleges that Plaintiff sought a loan modification "from Bank of America, assignee at the time." (Compl. ¶ 5.) There is nothing in the record to explain why a loan modification was sought from Bank of America, nor any evidence to support that the mortgage and note securing the Property were ever assigned to Bank of America.

[3] Defendant notes that publicly-available documents, which are properly considered on a Rule 12 motion, demonstrate that the foreclosure-by-advertisement was actually commenced much later. Specifically, Defendant explains that the statutorily-required notice of foreclosure was posted for four consecutive weeks in May of 2014.

"provided all the information necessary and required for Defendant . . . to evaluate and approve Plaintiff's request for a loan modification." (*Id.* ¶¶ 9-10.) Despite "clearly qualif[ying]" for a loan modification, Defendant denied Plaintiff's request to modify his mortgage. (*Id.* ¶ 11.)

Although Plaintiff's Complaint alleges that a foreclosure sale was scheduled for June 3, 2014, Defendant points out that as of July 15, 2015, no foreclosure sale had yet occurred. (Def.'s Br. 3.)

**B.     Legal Proceedings**

Plaintiff commenced this civil action on May 28, 2014 by filing a complaint in the Oakland County Circuit Court, which Defendant subsequently removed to this Court on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441, 1446. (Compl. attach. to Notice of Removal as Ex. A.) Plaintiff's sole request for relief in his Complaint asks this Court to convert the pending foreclosure-by-advertisement into a judicial foreclosure on the basis that Plaintiff was entitled to a loan modification pursuant to Michigan's pre-foreclosure loan modification statutes, Michigan Compiled Laws §§ 600.3205a – 600.3205d.

Defendant filed the present motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on July 15, 2015. In its motion, which Plaintiff declined to oppose, Defendant contends that this Court should dismiss Plaintiff's Complaint (1) because the statutes Plaintiff relies on – Michigan

4

Compiled Laws §§ 600.3205a-d – were repealed prior to the date Plaintiff alleges that Defendant initiated the foreclosure-by-advertisement at issue, or, in the alternative, (2) because the statutes did not apply to non-homestead properties and Plaintiff did not designate the Property at issue as a homestead property, and (3) because the statutes did not require Defendant to modify the loan. In addition to dismissal of Plaintiff's Complaint, Defendant seeks an award of fees and costs, which the Court addresses briefly toward the conclusion of this Opinion and Order.

## II.    GOVERNING LEGAL STANDARD

Federal courts review motions for judgment on the pleadings brought under Federal Rule of Civil Procedure 12(c) using the standards applicable to motions filed under Rule 12(b)(6). *Wee Care Child Ctr., Inc. v. Lumpkin*, 680 F.3d 841, 846 (6th Cir. 2012). Though litigants employ these procedural mechanisms at different stages of civil proceedings, the purpose of both motions is to test the legal sufficiency of a plaintiff's pleadings. Thus, as with Rule 12(b)(6) motions, a Rule 12(c) motion allows a court to make an assessment as to whether a plaintiff has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

As articulated by the Supreme Court of the United States, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). This facial plausibility standard requires claimants to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claims. *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1965.

While courts are required to accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965, the presumption of truth does not apply to a claimant's legal conclusions, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

In addition to evaluating the sufficiency of the factual allegations within the four corners of a complaint, courts may consider any exhibits attached to the complaint, matters of public record, and exhibits attached to a defendant's Rule 12 motion, provided that the latter are referred to in the complaint and are central to the claims therein. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). In the present case, the Court has considered documents attached to Defendant's motion, as they have

6

been referred to in Plaintiff's Complaint and are central to the claims asserted therein. In addition, the documents are matters of public record.

## III.   ANALYSIS

### A.   Plaintiff's Complaint Fails to State a Claim upon Which Relief Can Be Granted.

Defendant contends that this Court should grant its motion and dismiss Plaintiff's Complaint (1) because the statutes Plaintiff relies on – Michigan Compiled Laws §§ 600.3205a-d – were repealed prior to the date Plaintiff alleges that Defendant initiated the foreclosure-by-advertisement at issue, or, in the alternative, (2) because the statutes did not apply to non-homestead properties and Plaintiff did not designate the Property at issue as a homestead property, and (3) because the statutes did not require Defendant to modify the loan. Because the first argument is dispositive, there is no occasion for this Court to address Defendant's remaining arguments.

Plaintiff contends that Defendant failed to comply with mandatory procedures relating to pre-foreclosure loan modifications as set forth in Michigan Compiled Laws §§ 600.3205a -d.[4] More specifically, Plaintiff alleges that Defendant failed to approve his request for a loan modification despite his entitlement to such a modification pursuant to the statutory criteria. Taking

---

[4] These statutes, when operative, provided for pre-foreclosure review of mortgages to determine whether a borrower would qualify for a loan modification.

Plaintiff's allegation that the foreclosure proceedings commenced in "September/October 2013[]" as true (Compl. ¶ 7), however, Plaintiff's request for relief pursuant to this statute is not cognizable, as the statute on which he relies was repealed more than two months prior to the institution of foreclosure proceedings.

As argued by Defendant, the statute Plaintiff relies on for his sole claim for relief was repealed effective June 30, 2013, Michigan Compiled Laws § 600.3205e (2012), and was later superseded by § 600.3204 (2014). *White v. Wells Fargo Bank, N.A.*, No. 2:14-cv-12506, 2015 U.S. Dist. LEXIS 52642, at *6 (E.D. Mich. Apr. 22, 2015) (Battani, J.). According to Plaintiff, the foreclosure proceedings at issue in the instant case were initiated sometime in September or October of 2013, *after* the statute had been repealed. That Plaintiff's Complaint alleges that Michigan Compiled Laws § "600.3205a-c was in effect at the time [] the foreclosure was initiated[]" does not make it so. (Compl. ¶ 12.)

As other judges in this district have noted, courts have declined to analyze the merits of claims alleging violations of Michigan Compiled Laws §§ 600.3205a-d where, as here, the foreclosure proceedings were commenced after repeal. *See, e.g.*, *White*, No. 2:14-cv-12506, 2015 U.S. Dist. LEXIS 52642, at *6; *Ellis v. Chase Home Fin., L.L.C.*, No. 14-11186, 2014 U.S. Dist. LEXIS 173290, at *15-16 (E.D. Mich. Dec. 16, 2014) (Michelson, J.). Because Plaintiff's request to

8

convert the foreclosure-by-advertisement into one conducted under the supervision of the judiciary, Michigan Compiled Laws § 600.3205c(8), had been repealed before the foreclosure proceedings in this case commenced, Plaintiff's sole claim for relief fails to state a claim upon which relief can be granted. Accordingly, the Complaint must be dismissed.

**B.     Defendant is Not Entitled to Costs and Fees.**

In addition to dismissal of Plaintiff's Complaint, Defendant seeks an order awarding it its "costs and fees, including attorneys' fees[,] incurred in having to defend this action[.]" (Def.'s Br. 7.) Despite requesting such relief, and perhaps unaware that awarding attorney's fees to a prevailing part is a rare occurrence, Defendant fails to present any argument as to why such relief is proper in this case and further fails to cite a single rule or statute in support of such relief. As every pupil enrolled in an American law school learns, there exists a "bedrock principle known as the American Rule," under which "each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1175 (2013). Although a federal court may, relying on its inherent equitable powers, award attorney's fees in a narrow set of circumstances, *see, e.g.*, *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005), the Court declines to award Defendant its attorney's fees where Defendant has expended negligible energy in pursuit of its request.

9

## IV.  CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that Plaintiff's Complaint fails to state a claim for relief and that Defendant is therefore entitled to judgment on the pleadings.

Accordingly,

**IT IS ORDERED** that Defendant's motion for judgment on the pleadings (ECF No. 14) is **GRANTED** in all respects other than its request for costs and fees, which is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

Dated: August 18, 2015

                                            s/Patrick J. Duggan
                                            PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:

**Blake P. Lipman, Esq.**
**Samantha L. Walls, Esq.**
**Laura Baucus, Esq.**